107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry T. QUINTANILLA, Defendant-Appellant. (Two Cases)
UNITED STATES of America, Plaintiff-Appellee,
v.
David Dominic MILLER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernan Macasieb VISTRO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herbert C. WELLS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin Aldan TAITANO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Anthony CRUZ, Defendant-Appellant.
 Nos. 95-10138, 96-10094, 96-10002, 96-10100, 96-10102,
96-10133 and 96-10162.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1996.*
Decided Jan. 27, 1997.
 
 1
 Before: BROWNING, ALDISERT,** and BRUNETTI, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 The parties are familiar with the facts and the issues and we will not restate them.
 
 I.
 
 4
 The two offenses charged are not the same for Double Jeopardy purposes under the test set out in Blockburger v. United States, 284 U.S. 299 (1932). Under Blockburger, we ask whether each offense "requires proof of an additional fact which the other does not." Id. at 304. The defendants concede § 922(j) requires proof of an element that § 842(h) does not: interstate transportation. Moreover, the two sections on their face regulate different items; § 922(j) regulates firearms and ammunition, whereas § 842(h) regulates "explosive materials." While the Government's proof that grenades were involved is the same with respect to each offense, this mere overlap in proof does not constitute double jeopardy. See United States v. Felix, 503 U.S. 378, 386 (1992). Contrary to the defendants' arguments, § 842(h) is not a lesser-included offense of § 922(j) because the former could be violated without violating the latter, and vice versa. See Schmuck v. United States, 489 U.S. 705, 716, 719 (1988) (holding that an offense is not a lesser-included offense unless it is impossible to commit the greater offense without committing the lesser).
 
 
 5
 Because § 842(h) and § 922(j) are different offenses for purposes of Double Jeopardy analysis, we need not determine whether our decision in United States v. Cruz, 50 F.3d 714 (9th Cir.1995), was based on insufficiency of the evidence or whether the Government may retry a defendant for the same offense after moving successfully to vacate a prior conviction.
 
 II.
 
 6
 The argument that the defendants cannot be convicted under 18 U.S.C. § 842(h) has no merit. Admittedly, the § 844(j) definition of "explosive" applicable to § 844(d)-(i) is broader than the § 841(d) definition applicable to § 842(h). However, the fact that the § 841(d) definition of "explosives" does not explicitly list "grenades" does not mean that grenades are excluded from its scope.
 
 
 7
 Section 841(d) defines "explosives" as "any chemical compound mixture, or device, the primary or common purpose of which is to function by explosion...." 18 U.S.C. § 841(d). On its face, this definition applies to grenades. The pertinent legislative history reveals Congress crafted the § 841(d) definition more narrowly than the § 844(j) definition to avoid regulating commonly used items such as fertilizer and gasoline, H.R.Rep. No. 91-1549, 91st Cong., 2d Sess. (1970), reprinted in 1970 U.S.C.C.A.N. 4007, 4041, but Congress expressed no intent to exempt grenades from either definition.
 
 III.
 
 8
 The district court did not abuse its discretion in admitting the videotaped detonation of the grenade at Quintanilla's trial.
 
 
 9
 The Government met its burden of making a prima facie showing of authenticity sufficient to satisfy the standard of Fed.R.Evid. 901(a). A less than fully accurate identification does not make evidence inadmissible. Cf. United States v. Abreu, 952 F.2d 1458, 1467 (1st Cir.1992) (federal agent's inaccurate description of shotgun and inability to locate serial number did not bar admission). Nor does the existence of an opportunity for tampering justify exclusion; public officials are presumed to handle exhibits in a regular manner. United States v. Coades, 549 F.2d 1303, 1306 (9th Cir.1977). A party objecting to the admission of evidence must offer affirmative evidence of bad faith or tampering. Id. Here, the minor discrepancy in lot numbers and the storage of the grenade in a locker to which several ordinance technicians had access falls far short of overcoming the evidence of authenticity.
 
 IV.
 
 10
 Quintanilla's appeal of his § 922(j) conviction, No. 95-10138, is dismissed as moot.
 
 
 11
 The filing of a notice of appeal normally divests the district court of control over those aspects of the case involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). However, the rule providing for divestiture of jurisdiction is a judge-made doctrine designed to avoid confusion and waste of time and "should not be employed to defeat its purposes nor to induce needless paper shuffling." Kern Oil & Ref. Co. v. Tenneco Oil Co., 840 F.2d 730, 734 (9th Cir.1988). After Quintanilla filed his notice of appeal, the district court vacated the judgment against him. Quintanilla could not achieve a more favorable result through further legal proceedings.
 
 V.
 
 12
 We affirm Cruz's sentence.
 
 
 13
 The district court properly applied § 2K2.1 rather than § 2K1.3. Application Note 1 to § 2K1.3 states that § 2K2.1 should be applied where an offense involves a destructive device, if the resulting offense level would be higher. The definition of "destructive device" explicitly includes grenades. USSG § 1B1.1, comment. (n. 1(k)). Even if we were to accept Cruz's argument that the definition of "explosive" found in § 841(d) should be applied instead of the definition specified by the Guidelines, we would still affirm the application of § 2K2.1. As discussed above, § 841(d) applies to grenades.
 
 
 14
 We need not decide whether the district court erred: (1) in finding Cruz to be a "prohibited person" by improperly relying on the statement that he had been using ice for the last five years; (2) in imposing a two-level increase pursuant to § 2K2.1(b)(3) because the offense involved a destructive device; or (3) in imposing a two-level increase pursuant to § 2K2.1(b)(4) for the fact that the grenades were stolen. Even if all of these issues were resolved in Cruz's favor, Cruz's total offense level would be 19. The minimum sentence at this offense level is 30 months. The district court reduced Cruz's offense level to 18 and sentenced him to 27 months because it concluded it could not impose a more punitive sentence than had been imposed for the § 922(j) offense. Cruz's remaining sentencing objections are therefore moot.
 
 VI.
 
 15
 We AFFIRM Cruz's and Quintanilla's convictions and Cruz's sentence. We DISMISS Quintanilla's appeal of his § 922(j) conviction as moot. With respect to the other defendants' interlocutory appeals, we hold that prosecution under § 842(h) is not barred and REMAND for further proceedings.
 
 
 
 *
 These cases were previously consolidated for the purpose of oral argument. We now consolidate them for all other purposes
 
 
 **
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3